[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-11518
Non-Argument Calendar
_____

D. C. Docket Nos. 04-80853-CV-DTKH
02-80056-CR-DTK

JEREMY M. CARTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 4, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

In <u>United States v. Carter</u>, 71 Fed.Appx. 822 (Table), C.A. 11 (Fla.) June 13, 2003, we affirmed petitioner's convictions and sentences for bank robbery and for possessing ammunition as a felon. On September 2, 2004, petitioner moved the district court for relief from his convictions and sentences pursuant to 28 U.S.C. § 2255, claiming that his trial counsel rendered ineffective assistance of counsel. Following an evidentiary hearing, the court denied his motion. We granted a certificate of appealability ("COA") on two issues:

(1) whether the district court applied the wrong legal standard, namely, the beyond-a-reasonable-doubt standard, in analyzing [petitioner's] claim that counsel was ineffective for incorrectly advising him of the potential sentence that he faced if he proceeded to trial; and (2) whether the district court erred when it found that counsel was not ineffective for allegedly allowing [him] to remain dressed in prison garb during trial.

Regarding the first issue, petitioner contends that counsel, Alvin Entin, misadvised him regarding the potential sentence that he would face if he went to trial, compared to if he pled guilty, and that if he had known the sentences that he was facing under each alternative, he would not have proceeded to trial. As for the second issue, he contends that Entin was ineffective for failing to bring his prison garb to the attention of the district court in order to preserve the presumption of

innocence afforded him.

In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims. First, the petitioner must show that counsel's performance was deficient. Id. at 687, 104 S.Ct. at 2064. The proper measure of an attorney's performance is "reasonableness under prevailing professional norms." Id. at 688, 104 S.Ct. at 2065. Unless the petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot show that counsel's performance was constitutionally deficient. Id. at 689, 104 S.Ct. at 2065. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [We ask] only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992); see also Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance").

Second, the petitioner must show that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068. Because the petitioner must meet both parts of the test, we need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The Supreme Court has held that Strickland's two-part test also applies to "challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Hill held that to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 370. We have held that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and

laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client." Id.

As petitioner correctly notes, the district court misapplied his burden, stating that he did not meet his burden of establishing "beyond a reasonable doubt" that his counsel's incorrect advice resulted in his rejection of the plea offer, when the proper standard is a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Nevertheless, Entin's performance in advising petitioner was not deficient, as he admitted that Entin advised him that he was facing a thirteen-year prison term if convicted on a plea of guilty made under a plea agreement, and a letter that Entin sent to him advised him that he was facing twenty-five to thirty years' imprisonment if convicted following a guilty verdict at trial. Thus, because petitioner did not show that Entin's performance was constitutionally deficient or even unreasonable, we need not address the second prong of the Strickland test; hence, the district court's error in misstating petitioner's burden under that prong was harmless. See Holladay, 209 F.3d at 1248. We turn now to the second issue the COA presents.

The Supreme Court has held that a defendant's appearance in prison attire seriously compromises the defendant's right to the presumption of innocence basic

to the adversary system. Estelle v. Williams, 425 U.S. 501, 504, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976). A due process violation occurs when a defendant is compelled, through government act or omission, to appear before the jury in prison garb. Id. at 512-13, 96 S.Ct. at 1696-97. Carter does not allege that he suffered a violation of his due process rights; rather, he asserts that counsel was ineffective for failing to object to his appearance during trial in prison attire and shackles. The government has conceded that it, as well as the magistrate judge, erroneously confused Carter's Sixth Amendment claim of ineffective assistance with a due process claim of state compulsion. Recognizing that Carter's claim is in fact one of ineffective assistance, we need only evaluate Carter's claim under Strickland. Accordingly, to prevail on his claim of ineffective assistance with respect to his attorney's failure to object to him remaining dressed in prison attire during trial, Carter must show both that counsel's failure to object was beyond the "wide range of reasonable professional assistance" and that there is a reasonable probability that but for this deficient performance, the result of his trial would have been different. Strickland, 466 U.S. at 689, 694, 104 S.Ct. at 2065, 2068.

Assuming, without deciding, that counsel's failure to arrange for the defendant to appear in civilian clothing rather than in prison attire during his trial was beyond the range of reasonable attorney conduct, Carter nonetheless fails to

demonstrate that he was prejudiced by counsel's performance. The evidence against Carter on both counts was so strong that there is not a reasonable probability that a jury would have found him not guilty but for the fact that he appeared at trial in prison attire. Moreover, the trial judge properly instructed the jury on the presumption of innocence that was to be accorded to Carter. Because Carter has failed to establish prejudice as a result of appearing at trial in prison garb, he is unable to meet his burden under Strickland.

The judgment of the district court is accordingly

AFFIRMED.